UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 04-60346-Civ-Moore-O'Sullivan

DELVIS FOSTER,

    Plaintiff,

v.

BRANDSMART USA, INC.,

    Defendant.
_____/

### ANSWER OF DEFENDANT BRANDSMART U.S.A., INC.

Defendant BrandsMart U.S.A., Inc., by and through undersigned counsel, hereby answers the allegations of plaintiff's complaint as follows:

BrandsMart U.S.A., Inc. denies that plaintiff is entitled to a trial by jury on any of his claims.

### Nature of the Case

1.    BrandsMart U.S.A., Inc. admits that this action purports to be one for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). BrandsMart U.S.A., Inc. denies that it discriminated against plaintiff and denies that it retaliated against plaintiff. BrandsMart U.S.A., Inc. further denies that plaintiff engaged in protected activity under Title VII. BrandsMart U.S.A., Inc. denies the remaining allegations set forth in paragraph 1 of plaintiff's complaint.

2.    BrandsMart U.S.A., Inc. admits that plaintiff seeks damages in this action. BrandsMart U.S.A., Inc. denies that plaintiff is entitled to any damages.

## Jurisdiction and Venue

3.  BrandsMart U.S.A., Inc. denies the first sentence of paragraph 3 of plaintiff's complaint. BrandsMart U.S.A., Inc. admits that plaintiff filed Charge No. 150-2004-01389 with the United States Equal Employment Opportunity Commission alleging race discrimination and retaliation by "BrandsMart USA." BrandsMart U.S.A., Inc. admits that plaintiff's Notice of Right to Sue was dated January 30, 2004. BrandsMart U.S.A., Inc. is without sufficient knowledge or information to form a belief as to when plaintiff received the Notice of Right to Sue and such allegations are, therefore, denied. BrandsMart U.S.A., Inc. denies the remaining allegations set forth in paragraph 3 of plaintiff's complaint.

4.  The allegations set forth in paragraph 4 with respect to venue state a legal conclusion for which no response is required. To the extent a response is required, BrandsMart U.S.A., Inc. denies such allegations and denies that it engaged in unlawful employment practices. BrandsMart U.S.A., Inc. denies the remaining allegations set forth in paragraph 4 of plaintiff's complaint.

## Parties

5.  BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 5 of plaintiff's complaint.

6.  BrandsMart U.S.A., Inc. admits the allegations set forth in the first sentence of paragraph 6 of plaintiff's complaint. BrandsMart U.S.A., Inc. denies the remaining allegations set forth in paragraph 6 of plaintiff's complaint and avers that it does not have and has never had any employees and is not an employer within the meaning of Title VII. BrandsMart U.S.A., Inc. notes that there is another legal entity, Interbond Corporation of America, d/b/a BrandsMart U.S.A.,

that owns and/or operates "BrandsMart U.S.A." stores. On information and belief, that entity would have been the employer of Mr. Foster. Attached hereto as Exhibit A is a copy of plaintiff's 2003 W-2, which lists the employer as "Interbond Corp of America." BrandsMart U.S.A., Inc. is not a parent company of Interbond Corporation of America, Inc.

### General Allegations

7. BrandsMart U.S.A., Inc. admits on information that plaintiff is a black male who sometimes wore his hair in dreadlocks. BrandsMart U.S.A., Inc. denies the remaining allegations set forth in paragraph 7 of plaintiff's complaint.

8. BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 8 of plaintiff's complaint.

9. BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 9 of plaintiff's complaint.

10. BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 10 of plaintiff's complaint.

11. BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 11 of plaintiff's complaint.

12. BrandsMart U.S.A., Inc. admits on information that plaintiff was terminated from his employment with Interbond Corporation of America, Inc. BrandsMart U.S.A., Inc. denies the remaining allegations set forth in paragraph 12 of plaintiff's complaint.

### COUNT I/Title VII/Race Discrimination

BrandsMart U.S.A., Inc. repeats, realleges and incorporates by reference its response to paragraphs 1 through 12 of plaintiff's complaint as if fully set forth herein, and further states:

13.     BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 13 of plaintiff's complaint.

14.     BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 14 of plaintiff's complaint.

### COUNT II/Title VII/Retaliation

BrandsMart U.S.A., Inc. repeats, realleges and incorporates by reference its response to paragraphs 1 through 14 of plaintiff's complaint as if fully set forth herein, and further states:

15.     BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 15 of plaintiff's complaint.

16.     BrandsMart U.S.A., Inc. denies the allegations set forth in paragraph 16 of plaintiff's complaint.

### PRAYER FOR RELIEF

BrandsMart U.S.A., Inc. denies that plaintiff is entitled to any of the relief he seeks in his Prayer for Relief.

### Demand for Jury Trial

BrandsMart U.S.A., Inc. denies that plaintiff is entitled to a trial by jury on his claims.

### DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      BrandsMart U.S.A., Inc. is not an employer under Title VII and was not the employer of plaintiff Foster.

3.      Plaintiff Foster has failed to exhaust his administrative remedies under Title VII and/or has failed to timely file a Complaint upon receipt of a Notice of Right to Sue. Either

4

plaintiff Foster did not name BrandsMart U.S.A., Inc. in a timely Charge of Discrimination or, if the reference to "BrandsMart U.S.A." is a reference to defendant BrandsMart U.S.A., Inc., then he did not name the proper entity in the Charge.

4. BrandsMart U.S.A., Inc. did not discriminate or retaliate against plaintiff in any way.

5. All actions toward plaintiff were taken for legitimate non-discriminatory non-retaliatory reasons.

6. Assuming *arguendo* that plaintiff's employer acted with any improper motive, defendant alleges that such entity would have taken the same action towards plaintiff even in the absence of such a motive.

7. Certain of plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

8. Plaintiff's claims may be barred by the doctrines of laches, waiver and/or estoppel.

9. Without conceding that plaintiff has suffered any damages as a result of any purportedly wrongful act of defendant, upon information and belief, plaintiff has failed to mitigate his damages.

10. Plaintiff's own actions were the proximate cause of any injury he alleges to have suffered.

11. No injury to plaintiff was proximately caused by any action or inaction attributable to defendant.

12. Upon information and belief, plaintiff's claims may be barred due to plaintiff's failure to satisfy the jurisdictional and administrative prerequisites to bringing his claims.

13.     Upon information and belief, the Court may lack jurisdiction over plaintiff's claims.

WHEREFORE Defendant BrandsMart U.S.A., Inc. prays that the Court dismiss plaintiff's Complaint in its entirety, with prejudice, and award BrandsMart U.S.A., Inc. its costs, attorneys' fees and any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Tamatha S. Alvarez
Tamatha S. Alvarez, Esq.
Florida Bar No. 0151467
SAMS, MARTIN, LISTER, KAUFMAN &
ALVAREZ
7975 Northwest 154th Street, Suite 230
Miami Lakes, Florida 33016
Telephone: (305) 362-6222
Facsimile: (305) 362-0111
Email: tsalaw@hotmail.com
Attorneys for Defendant
BrandsMart U.S.A., Inc.

Of counsel:
Robert L. Duston
Anessa Abrams
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Ste. 1000
Washington, D.C. 20037-1922
Telephone: (202) 333-8800
Facsimile: (202) 625-3301

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER OF DEFENDANT BRANDSMART U.S.A., INC.** was sent this 15th day of June, 2004, by U.S. Mail, postage prepaid to:

Leslie Holland, Esq.
LAW OFFICE OF LESLIE HOLLAND
801 N.E. 167th Street, Second Floor
North Miami Beach, FL 33162

Attorney for Plaintiff Delvis Foster

By: /s/ Tamatha S. Alvarez
TAMATHA ALVAREZ
Florida Bar No.: 0151467
Attorneys for Defendant
7975 Northwest 154th Street
Suite 230
Miami Lakes, FL 33016
Tel: (305) 362-6222
Fax: (305) 362-0111
Email: tsalaw@hotmail.com

## W-2 (Copy C For Employee's Records) — 2003

| Box | Value |
|---|---|
| a Control number | 9198 |
| OMB No. | 1545-0008 |
| 1 Wages, tips, other compensation | 7394.30 |
| 2 Federal income tax withheld | 756.71 |
| 3 Social security wages | 7551.52 |
| 4 Social security tax withheld | 468.19 |
| 5 Medicare wages and tips | 7551.52 |
| 6 Medicare tax withheld | 109.50 |
| 12a | D  157.22 |
| b Employer's identification number | 59-2105736 |
| 13 Retirement plan | X |

c Employer's name, address and ZIP code:
INTERBOND CORP OF AMERICA
3200 SW 42 STREET
HOLLYWOOD FL 33312

e Employee's name, address and ZIP code:
Delvis Foster
1919 Gardenia Road
Fort Lauderdale FL 33317

## W-2 Copy B To Be Filed With Employee's FEDERAL Tax Return — 2003

Control number: 9198
1 Wages, tips, other compensation: 7394.30
2 Federal income tax withheld: 756.71
3 Social security wages: 7551.52
4 Social security tax withheld: 468.19
5 Medicare wages and tips: 7551.52
6 Medicare tax withheld: 109.50
12a: D 157.22
b Employer's identification number: 59-2105736
13 Retirement plan: X

INTERBOND CORP OF AMERICA
3200 SW 42 STREET
HOLLYWOOD FL 33312

Delvis Foster
1919 Gardenia Road
Fort Lauderdale FL 33317

## W-2 Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return — 2003

Control number: 9198
1 Wages, tips, other compensation: 7394.30
2 Federal income tax withheld: 756.71
3 Social security wages: 7551.52
4 Social security tax withheld: 468.19
5 Medicare wages and tips: 7551.52
6 Medicare tax withheld: 109.50
12a: D 157.22
b Employer's identification number: 59-2105736
13 Retirement plan: X

INTERBOND CORP OF AMERICA
3200 SW 42 STREET
HOLLYWOOD FL 33312

Delvis Foster
1919 Gardenia Road
Fort Lauderdale FL 33317

## W-2 Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return — 2003 (second)

Control number: 9198
1 Wages, tips, other compensation: 7394.30
2 Federal income tax withheld: 756.71
3 Social security wages: 7551.52
4 Social security tax withheld: 468.19
5 Medicare wages and tips: 7551.52
6 Medicare tax withheld: 109.50
12a: D 157.22
b Employer's identification number: 59-2105736
13 Retirement plan: X

INTERBOND CORP OF AMERICA
3200 SW 42 STREET
HOLLYWOOD FL 33312

Delvis Foster
1919 Gardenia Road
Fort Lauderdale FL 33317