UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-60346-CIV-MOORE

DELVIS FOSTER,

    Plaintiff,

vs.

BRANDSMART USA, INC.

    Defendant.

_____/

## JOINT SCHEDULING REPORT

Plaintiff filed his Complaint against "BrandsMart USA, Inc." on March 19, 2004, and served his Complaint on BrandsMart U.S.A. Inc. on May 27, 2004. On June 15, 2004, BrandsMart U.S.A., Inc. filed, among other things, "Answer of Defendant BrandsMart U.S.A., Inc." and "Defendant's Motion for Judgment on the Pleadings," with supporting Memorandum of Law and proposed Order granting defendant's motion. In its Answer, BrandsMart U.S.A., Inc., among other things, averred that it does not have and has never had any employees and is not an employer within the meaning of Title VII of the Civil Rights Act of 1964. BrandsMart U.S.A., Inc. further stated that on information and belief, Interbond Corporation of America, d/b/a BrandsMart U.S.A. was plaintiff's employer. Accordingly, BrandsMart U.S.A., Inc. moved for judgment on the pleadings on the grounds that it was not plaintiff's employer and is not an employer within the meaning of Title VII.

By Order dated June 16, 2004, this Court dismissed this action without prejudice for failure to file a joint scheduling report on or before May 28, 2004. The Court further denied as moot all pending motions not otherwise ruled upon. On June 18, 2004, plaintiff filed a Motion to



Reinstate Case. By Order dated June 22, 2004, the Court denied plaintiff's Motion to Reinstate Case, but indicated that the case would be reopened upon the filing of a joint scheduling report.

Accordingly, pursuant to S.D. Fla. L. R. 16.1, the parties file the following Scheduling Report and Order for the Court's consideration. The parties agree that upon the filing of this Joint Scheduling Report, the plaintiff's Complaint, BrandsMart U.S.A., Inc.'s Answer and Motion for Judgment on the Pleadings, with supporting documentation, will be reinstated to the Court's docket. **The parties further agree that** plaintiff will have ten (10) business days from the filing of **this Joint Scheduling Report to respond to** BrandsMart U.S.A., Inc.'s Motion for Judgment **on the Pleadings and defendant will** have the time permitted in the local rules to file any reply **brief.**

### A. NATURE OF CLAIM

This is an employment discrimination claim brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, in which plaintiff seeks compensatory damages for his mental anguish, humiliation, inconvenience and loss of enjoyment of life occasioned by adverse employment actions that he alleges were taken against him because of his race. The defendant denies all allegations of violations of Title VII and denies that plaintiff is entitled to any of the relief he seeks in his Complaint.

### B. BRIEF SUMMARY OF PRESENTLY KNOWN ISSUES

a. Whether plaintiff was discriminated against during his employment with defendant;

b. Whether plaintiff suffered damages as a result of the discrimination.

C.  **DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY**

   1.   There is no need to conduct discovery in phases.

   2.   The parties agree to disclose all experts pursuant to the timetable below; however, plaintiff may disclose rebuttal experts thirty (30) days after the disclosure of any expert witness(es) for the defendant. The parties agree that the deposition of any rebuttal expert witness will be conducted by the deadline for the close of all discovery. The parties are not ready to disclose expert witnesses at the present time.

D.  **DISCUSSION OF LIKELIHOOD OF SETTLEMENT**

   At this point, the parties are unable to assess the likelihood of settlement, but agree to continue good faith settlement discussions as discovery progresses.

E.  **DISCUSSION OF COMPLEX NATURE OF CASE**

   The parties believe that this is not a complex case requiring any of the procedures in the manual on complex litigation. The parties recommend the matter be placed on the standard track. There are no unique legal or factual questions.

F.  **PENDING MOTIONS**

   As set forth above, upon the filing of this Joint Scheduling Report, the parties agree that defendant BrandsMart U.S.A., Inc.'s Motion for Judgment on the Pleadings will be reinstated to the Court's docket, and plaintiff will file a response, if any, to the motion within ten (10) business days after the filing of this Joint Scheduling Report. Thereafter, defendant will have the time set forth in the local rules to file a reply brief. Defendant's Motion for Judgment on the Pleadings will then be ripe for consideration by the Court.

### G. DISCUSSION OF LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES

Plaintiff is exploring the possibility of joining an additional defendant or substituting the defendant. As set forth in defendant's Answer and Motion for Judgment on the Pleadings, defendant BrandsMart U.S.A., Inc. was not plaintiff's employer and is not an employer within the meaning of Title VII. Plaintiff cannot amend except by leave of Court or consent of defendant. As plaintiff has been on notice since approximately the filing of defendant's Answer and Motion for Judgment on the Pleadings on June 15, 2004 that he sued the wrong entity, defendant will not agree to a date by which the pleadings can be amended or the parties can be substituted, and intends to oppose any motion made under Fed. R. Civ. P. 15(a).

### H. PROPOSED LIMITS ON TIME

Plaintiff proposes September 15, 2004 for additional parties/amendments. As set forth above, defendant will not agree to a date for additional parties/amendment of the pleadings.

| | |
|---|---|
| November 19, 2004 | The plaintiff shall furnish opposing counsel with a written list containing the names and address of all expert witnesses intended to be called at trial and the report of any such expert witness(es). Only those expert witnesses who are disclosed and for whom a report is provided shall be permitted to testify. Within the fourteen (14) day period following this disclosure, the plaintiff shall make its experts available for deposition by the defendant. The experts' depositions may be conducted without further order from the Court. |
| December 17, 2004 | The defendant shall furnish opposing counsel with a written list containing the names and address of all expert witnesses intended to be called at trial and the report of any such expert witness(es). Only those expert witnesses who are disclosed and for whom a report is provided shall be permitted to testify. Within the fourteen (14) day period following this disclosure, the defendant shall make its |

|  |  |
|---|---|
| | experts available for deposition by the plaintiff. The experts' depositions may be conducted without further order from the Court. |
| February 28, 2005 | All discovery must be completed |
| March 18, 2005 | Mediation must be completed |
| April 15, 2005 | All pretrial dispositive motions and memoranda of law must be filed |
| May 31, 2005 | Joint Pretrial Stipulation must be filed pursuant to S.D. Fla. L.R. 16.1(E) |
| June 10, 2005 | Proposed Pretrial Conference |
| July 8, 2005 | Jury Instructions must be filed |
| September 19, 2005 | Proposed trial date |

I. **PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES, INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES**

Defendant proposes that all discovery be stayed until the Court rules on the Motion for Judgment on the Pleadings, because plaintiff sued the wrong party.

J. **NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS**

As set forth above, plaintiff has sued the wrong entity and defendant filed a Motion for Judgment on the Pleadings regarding this issue. Defendant BrandsMart U.S.A., Inc. does not consent to a deadline for amendment of the pleadings. Plaintiff desires a deadline from the Court for the amendment of pleadings.

K. **POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND AGREEMENTS REGARDING DOCUMENTS TO AVOID UNNECESSARY PROOF AND THE NEED FOR ADVANCE RULINGS FROM THE COURT**

The parties have not reached any stipulations of fact and are not currently prepared to stipulate to the authenticity of documents.

**L.    SUGGESTIONS OF THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE OR MASTER**

The parties do not consent to trial by a Magistrate Judge or a Special Master, but do not oppose referral of discovery issues to a Magistrate Judge.

**M.    PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

The parties estimate that if this case were tried on the merits involving the correct employer, it would require approximately four (4) days to try. The parties agree that plaintiff demanded a jury trial in his Complaint.

**N.    REQUESTED DATES FOR CONFERENCES BEFORE TRIAL, FINAL PRETRIAL CONFERENCE AND TRIAL**

The parties have proposed these dates above.

DATED this _9_ day of ~~July~~ August 2004.

LAW OFFICE OF LESLIE HOLLAND
801 NE 167th Street, Second Floor
North Miami Beach, FL 33162
Tel: 305-455-2040
Fax: 305-653-8522
Lawyer for plaintiff, Foster

By: _/s/ Leslie Holland_  8/6/04
Leslie Holland
Fl. Bar No. 510688

SAMS, MARTIN, LISTER, KAUFMAN
 & ALVAREZ
Attorney for the Defendant,
Brandsmart USA, Inc.
7975 Northwest 154th Street, Suite 230
Miami Lakes, FL 33016
Tel: 305-362-6222
Fax: 305-362-0111

By: _/s/ Alvarez_ 8/9/04
Tamatha S. Alvarez
Fl. Bar No. ~~573825~~ 0151467

Of counsel for Defendant:

Robert L. Duston
Anessa Abrams
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C. 20037
Tel: 202-333-8800
Fax: 202-625-3301

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-60346-CIV-MOORE

DELVIS FOSTER,

      Plaintiff,

vs.

BRANDSMART USA, INC.

      Defendant.
_____/

## SCHEDULING ORDER

Plaintiff filed his Complaint against "BrandsMart USA, Inc." on March 19, 2004, and served his Complaint on BrandsMart U.S.A., Inc. on May 27, 2004. On June 15, 2004, BrandsMart filed, among other things, "Answer of Defendant BrandsMart U.S.A., Inc." and "Defendant's Motion for Judgment on the Pleadings," with supporting Memorandum of Law and proposed Order granting the motion. By Order dated June 16, 2004, this Court dismissed this action without prejudice for failure to file a joint scheduling report on or before May 28, 2004. The Court further denied as moot all pending motions not otherwise ruled upon. On June 18, 2004, plaintiff filed a Motion to Reinstate Case. By Order dated June 22, 2004, the Court denied plaintiff's Motion to Reinstate Case, but indicated that the case would be reopened upon the filing of a joint scheduling report.

Upon consideration of the parties' Joint Scheduling Report, pursuant to Local Rule 16.1(b)(7), IT IS ORDERED AND ADJUDGED as follows:

Upon the filing of the parties' Joint Scheduling Report, this case was reopened and plaintiff's Complaint, BrandsMart U.S.A., Inc.'s Answer and Motion for Judgment on the

Pleadings, with supporting documentation, were reinstated to the Court's docket. In accordance with the parties' agreement, plaintiff must file a response, if any, to defendant's Motion for Judgment on the Pleadings within ten (10) business days from the filing of the parties' Joint Scheduling Report. Defendant will have the time permitted in the local rules to submit a reply brief in support of its motion. Thereafter, defendant's Motion for Judgment on the Pleadings will be ripe for consideration.

Additionally, the following timetable shall govern the pretrial procedure in this case. This schedule shall not be modified absent good cause:

As defendant does not agree to a date for amendment of the pleadings or substitution of the parties, if plaintiff desires to take such action, plaintiff must file a motion seeking leave of court. Defendant will have the time permitted in the local rules to respond to any such motion and plaintiff will have the time permitted in the local rules to file a reply brief in support of any such motion.

| | |
|---|---|
| November 19, 2004 | The plaintiff shall furnish opposing counsel with a written list containing the names and address of all expert witnesses intended to be called at trial and the report of any such expert witness(es). Only those expert witnesses who are disclosed and for whom a report is provided shall be permitted to testify. Within the fourteen (14) day period following this disclosure, the plaintiff shall make its experts available for deposition by the defendant. The experts' depositions may be conducted without further order from the Court. |
| December 17, 2004 | The defendant shall furnish opposing counsel with a written list containing the names and address of all expert witnesses intended to be called at trial and the report of any such expert witness(es). Only those expert witnesses who are disclosed and for whom a report is provided shall be permitted to testify. Within the fourteen (14) day period following this disclosure, the defendant shall make its experts available for deposition by the plaintiff. The |

|  |  |
|---|---|
|  | experts' depositions may be conducted without further order from the Court. |
| February 28, 2005 | All discovery must be completed |
| March 18, 2005 | Mediation must be completed |
| April 15, 2005 | All pretrial dispositive motions and memoranda of law must be filed |
| May 31, 2005 | Joint Pretrial Stipulation must be filed pursuant to S.D. Fla. L.R. 16.1(E) |
| June 10, 2005 | Proposed Pretrial Conference |
| July 8, 2005 | Jury Instructions must be filed |
| September 19, 2005 | Proposed trial date |

If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal, within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1).

DATED THIS ___ DAY OF _____, 2004.


_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Leslie Holland, Esq.
Tamatha Alvarez, Esq.

1158362